UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11-1316-JST (VBKx)                    Date:  September 14, 2011
Title:  George Lynch v. American Home Mortgage Servicing, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

          Ellen Matheson                                    N/A
          Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:
     Not Present                                   Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THE
                    COURT SHOULD NOT STRIKE DEFENDANTS' MOTION
                    TO DISMISS (Doc. 5)**

         On September 9, 2011, Defendants filed a Motion to Dismiss Plaintiff's
Complaint.  (Doc. 5.)  Under Local Rule 7-3, "counsel contemplating the filing of any
motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*,
the substance of the contemplated motion and any potential resolution."  C.D. Cal. R. 7-3.
The purpose of Local Rule 7-3 is to help the parties "reach a resolution which eliminates
the necessity for a hearing . . . ."  *Id*.  On a motion to dismiss pursuant to Federal Rule of
Civil Procedure 12(b), the conference is to take place at least five days before the last day
for filing the motion.  *Id*.  If the parties are unable to resolve their differences and are
forced to bring the matter before the court, counsel for the moving party must include in
the notice of the motion, a statement to the effect that "[t]his motion is made following
the conference of counsel pursuant to L.R. 7-3 which took place on (date)."  *Id*.

         The Court notes that Defendants' Notice of Motion states that Defendants
attempted in "good-faith" to meet and confer pursuant to Local Rule 7-3, by "contact[ing]
Plaintiff's counsel via email" one day before filing this motion.  (Doc. 5 at 3.)  It does not
state whether Defendants' counsel ever engaged in a discussion with Plaintiff's counsel
regarding Defendants' motion.  Defendants' attempted meet and confer appears to fall far
short of compliance with the letter and spirit of Local Rule 7-3.  Therefore, the Court
orders Defendants to show cause in writing, **no later than September 16, 2011**, as to
why the Court should not strike the Motion to Dismiss (Doc. 5) for failure to comply with
Local Rule 7-3.

                                        Initials of Preparer:  enm